Reginald MOORE et al., Plaintiffs,

v.

Michael CHERTOFF, Defendant.

Civil Action No. 00–953 (RWR)(DAR).

United States District Court, District of Columbia.

July 7, 2006.

accompanies this Memorandum Opinion.

Jennifer I. Klar, John Peter Relman, Relman & Associates, PLLC, Deborah L. Boardman, E. Desmond Hogan, Sarah M. Berger, Hogan & Hartson, L.L.P., Washington, DC, for Plaintiffs.

Marina Utgoff Braswell, U.S. Attorneys Office for the District of Columbia, Benton Gregory Peterson, Assistant United States Attorney, Civil Division, Washington, DC, for Defendant.

### MEMORANDUM OPINION AND ORDER

ROBERTS, District Judge.

Plaintiffs and defendant have moved for reconsideration of the March 30, 2006 Memorandum Opinion and Order ("March 2006 Opinion"), which ruled that plaintiffs could not plead their untimely filed claims dating back to 1974 under a theory of equitable estoppel, but plaintiffs' claims concerning the building blocks of promotion had been vicariously exhausted and could be pled in the amended complaint. Plaintiffs argue that they are nonetheless

entitled to bring non-promotion claims dating back to 1993 because they have alleged a continuing violation which saves these otherwise untimely claims. Defendant argues, among other things, that claims of discrimination in the building blocks of promotion should not be deemed vicariously exhausted because the representative plaintiff's claim did not implicate the building blocks of promotion and he lacks standing to bring a class complaint for injuries he did not suffer. Both parties request that the time period of building block claims that plaintiffs may file be clarified. Because plaintiffs have properly alleged a continuing violation in a pattern and practice suit, they may plead non-promotion claims dating back to 1993. Because plaintiffs' timely filed and fully exhausted non-promotion class claim vicariously exhausts contemporaneous and subsequent building block claims, claims concerning the building blocks of promotion dating back to 1999 may be pled.

## BACKGROUND [1]

Secret Service Agent John Turner timely contacted an EEO counselor in February 2000 after learning of his non-selection to a GS–14 position for which he had applied. Agent Turner also filed an administrative class complaint alleging that "the Secret Service has discriminated against African–American Agents through its personnel policies, practices, and procedures." (Pls.' Motion for Reconsideration, Ex. A, Second Amended Class Complaint ("Second Amended Class Complaint") ¶ 2.) In describing his own alleged discriminatory

non-promotion, Agent Turner noted his strong qualifications, including a high job evaluation score. (*See id.* ¶¶ 35–40.) With regard to black agents as a class, the class complaint alleged enduring and systematic discrimination in selection for competitive positions; performance evaluations; transfers, assignments, and other career enhancing opportunities; assignment to undesirable work; hiring practices; testing; disciplinary policies and practices; and awards and bonuses. (*See id.* ¶¶ 12–25.)

At the time of Agent Turner's timely filed non-promotion class claim, the Secret Service's promotion policy was divided into two phases: (i) the Merit Promotion Plan ("MPP") scoring process,[2] a multi-tiered evaluation process that involves the scoring of candidates by supervisors and peers on the candidates' past performance and experience, and (ii) the bid and selection process, a process with limited directions and no written evaluation procedures where the promotion Advisory Board selects the candidate for a given vacancy. (*See* Def.'s Opp'n to Pls.' Mot. for Reconsideration, Ex. 1, Decl. of Barbara Salinas ("Salinas Decl.") ¶¶ 4–19.) Only the applicants with the highest MPP scores for a given vacancy are able to be considered in the bid and selection phase of the promotion process. (*See id.* ¶¶ 14–15.)

The March 2006 Opinion held that plaintiffs could not plead their untimely filed claims dating back to 1974 under a theory of equitable estoppel, but plaintiffs could plead claims concerning the building blocks of promotion because they had been

---

1. The facts of this case are more fully recited in the March 2006 Opinion and in a Memorandum Opinion and Order issued on October 24, 2004 ("October 2004 Opinion").

2. The Secret Service has changed the MPP over the years. The MPP in place at the time of Agent Turner's complaint was implemented in 1998. (*See* Pls.' Mot. for Reconsideration,

Ex. B, Expert Report of Frank Landy at 7.) However, plaintiffs maintain that the MPP implemented in 1998 did not produce any substantive changes and that the Service's discriminatory promotion policy actually dates back to 1993. (*See* Pls.' Mot. for Reconsideration at 8–10.)

vicariously exhausted by Agent Turner's non-promotion class claim. Plaintiffs have moved for reconsideration arguing that they have alleged a continuing violation in a pattern and practice suit and are entitled to litigate non-promotion claims dating back to the inception of defendant's discriminatory policy. Defendant has moved for reconsideration arguing that plaintiffs' building block claims were not vicariously exhausted by Agent Turner's complaint, and that if building block claims were vicariously exhausted, only claims from July 2, 1999 to May 3, 2000 were exhausted.

## DISCUSSION

### I. DOCTRINE OF CONTINUING VIOLATIONS

■ Generally, a federal employee must contact an agency equal employment opportunity ("EEO") counselor within forty-five days of an alleged act of employment discrimination in order for the claim to be timely. 29 C.F.R. § 1614.105(a)(1). However, in a pattern and practice suit where there is a continuing violation, a plaintiff may "litigate claims that fall outside of the time-filing requirements if he proves either a 'series of related acts, one or more of which falls within the limitations period, or the maintenance of a discriminatory system both before and during the statutory period.'" *Pleasants v. Allbaugh,* 185 F.Supp.2d 69, 73 (D.D.C.2002) (quoting *Palmer v. Kelly,* 17 F.3d 1490, 1495 (D.C.Cir.1994)); *see Anderson v. Zubieta,* 180 F.3d 329, 337 (D.C.Cir.1999) ("Where . . . discrimination is not limited to isolated incidents, but pervades a series or pattern of events which continue to within [45] days of the filing charge . . ., the filing is timely . . . regardless of when the first discriminatory incident occurred.") (quoting *Laffey v. Northwest Airlines,* 567 F.2d 429, 473 (D.C.Cir.1976)). Claims dating back to the inception of the continuing violation may be pled. *See EEOC v. Dial Corp.,* No. Civ. A. 99C3356, 2002 WL 1974072, at *4 (N.D.Ill. July 23, 2002) (allowing to proceed in the litigation any claims falling within the time period of the violation); *see also Anderson,* 180 F.3d at 337 n. 10 (noting that plaintiffs may "recover for portions of the persistent process of illegal discrimination that antedated the limitations period.") (quoting *McKenzie v. Sawyer,* 684 F.2d 62, 72 (D.C.Cir.1982)).

Plaintiffs argue that because Agent Turner timely filed an EEOC claim for non-promotion and plaintiffs have alleged the existence of a discriminatory policy both during and predating the statutory period, they are entitled to litigate non-promotion claims dating back to the inception of the discriminatory policy. Plaintiffs date the beginning of the violation to defendant's promotion policies in 1993 and, in any case, maintain that the defendant conceded a consistent policy, and thus a continuing violation, dating back to January 1, 1998. (*See* Pls.' Mot. for Reconsideration at 7–10.) The defendant counters that plaintiffs should not be able to plead claims predating 1999 on the theory of a continuing violation for several reasons. First, the defendant contends that Agent Turner's complaint of discrimination concerns only the bid and selection phase of the Service's promotion policy, and therefore, Agent Turner lacks standing to challenge the MPP given his high MPP score and cannot bring a class claim that challenges the MPP. (*Id.* at 7–9.) This argument is unpersuasive. The MPP is part and parcel of the promotion policy that governed the promotion decision that led to Agent Turner's complaint. Agent Turner's claimed injury is fairly traceable to that process, and he has standing to challenge it. Notably, the defendant cites no factually analogous case where a plaintiff al-

leged the existence of a discriminatory promotion policy and the plaintiff's challenge was limited to only a single phase of the alleged discriminatory policy. Moreover, the defendant's implied assertion that the phases of the promotion policy are mutually exclusive is unwarranted. By the defendant's own description of the policy, the MPP score could be taken into account in the bid and selection phase. (*See* Salinas Decl. ¶ 17 (noting that no instructions are provided to the selection committee on how to evaluate the candidates at this phase).) Although a candidate's score might be high enough for the candidate to reach the bid and selection phase, the score might not be high enough in relation to applicants competing at the bid and selection phase for the candidate to be truly competitive for a given vacancy. Agent Turner's non-promotion claim as pled sufficiently implicates the MPP to give him standing to challenge the policy.

Second, the defendant maintains that Agent Turner's complaint is not a pattern and practice case, but rather amounts to a series of claims of discrete acts of discrimination. Therefore, the defendant argues, *National Railroad Passenger Corporation v. Morgan*, 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002), precludes application of the doctrine of continuing violations. However, plaintiffs have plainly and consistently challenged the promotion policies of the Secret Service. (*See* Second Amended Class Complaint ¶ 12) ("From the dates of their employment continuing up to and including the present time, *plaintiffs and the plaintiff class* have been discriminated against on the basis of their race, by the *employment practices and policies* of the Secret Service and by the manner in which these practices have been implemented.") (emphasis added); *see also* Compl. May 3, 2000 ¶ 47 ("From the dates of their employment, continuing up to and including the present time, *plaintiffs and the plaintiff class* have been discriminated against on the basis of their race, African–American, by the *employment practices and policies* of the Secret Service and by the manner in which these practices have been implemented.") (emphasis added). Plaintiffs are challenging the employment practices and policies of the Secret Service, and allege a pattern and practice claim. *See Torres v. Mineta*, Civil Action No. 04–015(GK), 2005 WL 1139303, at *4 (D.D.C. May 13, 2005) (noting that plaintiffs were challenging a policy or practice of discrimination, not discrete acts, and that *Morgan* had no applicability).[3]

█ Next, citing *Taylor v. FDIC*, 132 F.3d 753, 765 (D.C.Cir.1997) and recent district court cases relying on *Taylor*, defendant argues that the doctrine of continuing violations requires that a plaintiff be unaware of the alleged violation in order for the doctrine to save untimely claims. *Taylor* states that "[f]or statute of limitations purposes, a continuing violation is 'one that could not reasonably have been expected to be made the subject of a lawsuit when it first occurred because its character as a violation did not become clear until it was repeated during the limitations period[.]'" *Id.* Plaintiffs dispute that *Taylor* is the law of the circuit and

---

**3.** The defendant also argues that plaintiffs have offered no statistical evidence of a policy of discrimination, and that in fact there is evidence that black agents are promoted at a slightly faster pace than other agents. (*See* Def.'s Opp'n to Pls.' Mot. for Reconsideration at 19–22.) Arguments regarding whether or not plaintiffs can demonstrate by a preponderance of evidence the existence of a pattern and practice of racial discrimination in the Secret Service's employment practices are best left for a motion for summary judgment or for trial.

counter with *Anderson v. Zubieta,* 180 F.3d 329, 337 n. 11 (D.C.Cir.1999), which held that the doctrine of continuing violations could be invoked notwithstanding the plaintiffs' knowledge of the nature of the challenged discriminatory policies. Plaintiffs here argue that *Anderson* and *Taylor* "squarely conflict" and urge the court to adopt *Anderson* because *Anderson* is the later decided case and adopting the rule in *Taylor* would collapse improperly the doctrine of continuing violations into the separate doctrine of equitable tolling. (*See* Pls.' Reply at 11–13) (citing *Pleasants v. Allbaugh,* 185 F.Supp.2d 69, 76 (D.D.C. 2002) (noting the tension in the holdings of *Taylor* and *Anderson*).) Defendant does not acknowledge the tension between the holdings of *Anderson* and *Taylor* in its opposition to plaintiffs' motion for reconsideration and offered no opinion at oral argument on the issue.

Plaintiffs' argument that *Anderson* essentially overruled *Taylor* is unavailing because "one three-judge panel ... does not have the authority to overrule another three-judge panel of the court [of appeals]. That power may be exercised only by the full court[.]" *LaShawn A. v. Barry,* 87 F.3d 1389, 1395 (D.C.Cir.1996) (citation omitted). Because *Anderson* and *Taylor* were both three-judge panel decisions, both cases must be deemed binding, notwithstanding the tension between their holdings, and they require an effort to reconcile them.[4]

■ The doctrine of continuing violations is applicable where an actual violation of Title VII occurred during the statutory period and the current violation was either part of a series of related acts or caused by a discrimination policy or system. *Palmer v. Kelly,* 17 F.3d 1490 (D.C.Cir.1994). In *Taylor,* three former employees sued their employer claiming it retaliated against them for making protected disclosures, in violation of the Resolution Trust Corporation Whistleblower Act, 12 U.S.C. § 1441a(q), and the First Amendment. *Taylor,* 132 F.3d at 759. In order to save otherwise untimely claims, two of the employees alleged a continuing violation which comprised a litany of retaliatory discriminatory acts, including reassignment, misdirected mail, poor telephone service, and unsuitable work. *Id.* at 765. The panel in *Taylor* held that this *series of acts* "amply manifested itself as a possible retaliation from the start[,]" and so did not amount to a continuing violation. *Id.* In *Anderson,* black American citizens of Panamanian and Hispanic national origin challenged their employer's salary and benefits program because it paid them substantially less than other American citizens, who were largely white and non-Panamanian, working at the same jobs. *Anderson,* 180 F.3d at 332. The plaintiffs in *Anderson* alleged a continuing violation and sought to bring claims of discriminatory pay that occurred outside the applicable statutory period. *Id.* at 337. The panel in *Anderson* held that plaintiffs could bring their otherwise untimely claims under a theory of a continuing violation, notwithstanding the fact that plaintiffs may have known of the allegedly discriminatory nature of the pay *policy. Id.* at 337 n. 11.

■ Taking both *Anderson* and *Taylor* as good law, the law of this circuit, though far from clear, precludes applying the doctrine of continuing violations

---

4. Recent district court opinions adopting the holding of *Taylor* do not cite or discuss *Anderson. See Wilderson v. Snow,* Civil Action No. 04–0708(RJL), 2006 WL 571930, at *3–4 (D.D.C. Mar. 7, 2006); *Torres,* 2005 WL 1139303, at *5; *Wiggins v. Powell,* Civil Action No. 02–1774(CKK), 2005 WL 555417, at *15–16 (D.D.C. Mar. 7, 2005); *Schrader v. Tomlinson,* 311 F.Supp.2d 21, 27 (D.D.C. 2004).

where plaintiffs are aware of the discriminatory nature of the acts if the basis for the continuing violation is a series of related acts. However, if plaintiffs challenge a discriminatory policy or system, the doctrine of continuing violations may apply without regard to the plaintiffs' awareness or knowledge of the discriminatory nature of that system. In this case, since plaintiffs challenge an alleged system of discrimination, *Anderson* governs and makes plaintiffs' knowledge of the nature of the discriminatory system irrelevant. Defendant's argument, then, that plaintiffs are precluded from pleading a continuing violation because they knew of the discriminatory nature of the policy fails.

■ Finally, defendant argues that the doctrine of continuing violations is inapplicable because it would unduly prejudice the defendant. (See Def.'s Opp'n to Pls.' Mot. for Reconsideration at 23–26.) However, the defendant offers no authority for the proposition that prejudice to the defendant is taken into account in evaluating whether a continuing violation may be pled.

Because plaintiffs challenge an alleged pattern and practice of employment discrimination at the Secret Service, allege an actual violation of Title VII during the statutory period, and allege a continuing violation dating back to 1993, they may properly plead non-promotion claims dating back to 1993.

## II. BUILDING BLOCKS OF PRO-MOTIONS

■■ Under the doctrine of vicarious exhaustion, a Title VII plaintiff who has failed to file an EEO charge may, under some circumstances, join his claim with that of another plaintiff who has filed properly an EEO charge. *See Foster v. Gueory,* 655 F.2d 1319, 1322 (D.C.Cir.1981). A

plaintiff may invoke the doctrine of vicarious exhaustion only if one plaintiff actually has exhausted his claims and if the exhausted claims are so similar to the unexhausted claims that "it can fairly be said that no conciliatory purpose would be served by filing separate EEOC charges...." *Id.* A timely non-promotion class claim will vicariously exhaust claims that involve discrimination in the building blocks of promotion. *Contreras v. Ridge,* 305 F.Supp.2d 126, 133–34 (D.D.C.2004) (holding that "any EEOC investigation of [a] denial of promotions [class] claim would necessarily involve investigation into the building blocks of promotion[,]" and so the claims concerning such discrimination could be vicariously exhausted by the non-promotion class claim).

The defendant moves for reconsideration of the vicarious exhaustion of plaintiffs' building block claims and advances several arguments in support of the motion. First, the defendant asserts that *Contreras* is distinguishable from the instant case. The defendant maintains that Agent Turner's complaint did not involve any discrimination in the building blocks of promotion, as demonstrated by his high MPP score, but in *Contreras* the plaintiff complained to the EEO counselor about being the recent victim of discrimination in building block-type claims. (*See* Def.'s Mot. for Reconsideration at 6–10.) This argument misses the mark. In *Contreras,* Judge Robertson held that

> Because Contreras contacted an EEOC counselor three days after he was denied a promotion opportunity, and because both the EEOC class counseling report and the class administrative charge repeatedly allege discriminatory denial of promotions to Hispanic agents, I find that the claim of discriminatory denial of promotions was timely exhausted. The class claims

that are related to the denial of promotions claim—concerning transfers, assignments, and other career-enhancing opportunities, undercover and other undesirable work, discipline, awards and bonuses, and training—are like or reasonably related to the timely exhausted promotions claim because they concern work opportunities that would credential or position Hispanic agents for promotions. Any EEOC investigation of the denial of promotions claim would necessarily involve investigation into the building blocks of promotion. Accordingly, because there is a reasonable relationship between the class claim of denial of promotions and the class claims of transfers, assignments, and other career-enhancing opportunities, undercover and other undesirable work, discipline, awards and bonuses, and training, these claims are also appropriate for adjudication.

*Contreras*, 305 F.Supp.2d at 133–34. Like the plaintiff in *Contreras*, Agent Turner timely contacted an EEO counselor after his non-selection, and Agent Turner's timely filed complaint explicitly alleged discriminatory denial of promotions to black agents. This case and *Contreras* are analogous.

■ The defendant also maintains that *Morgan* and the October 2004 Opinion preclude application of *Contreras*, and that the government would be prejudiced by the addition of these claims. (*See* Def.'s Mot. for Reconsideration at 10–13.) *Morgan* is inapplicable here because plaintiffs allege a pattern and practice claim and the Supreme Court explicitly stated that it had no occasion to consider pattern and practice suits in *Morgan*. *See Morgan*, 536 U.S. at 115 n. 9, 122 S.Ct. 2061. The October 2004 Opinion does not preclude vicarious exhaustion of building block claims because, as the March 2006 Opinion explained, the October 2004 Opinion refused to hold as vicariously exhausted the claims concerning forms of discrimination other than non-promotion because the timely filed complaint at issue was an individual complaint. *See Moore v. Chertoff*, 424 F.Supp.2d 145, 151–52, Civil Action No. 00–953(RWR), 2006 WL 832465, at *5 (D.D.C. Mar. 30, 2006). Plaintiffs now have timely filed and exhausted a non-promotion class claim. Finally, the government's prejudice argument is unavailing. Because a reasonable investigation of a class allegation of non-promotion would involve the building blocks of promotion, the defendant was on notice and will not be unfairly prejudiced by the addition of these claims. *See Contreras*, 305 F.Supp.2d at 133.

■ The defendant next asserts that Agent Turner lacks standing to exhaust any building block claims because he had a high MPP score and any injury suffered by him was not fairly traceable to anything except the bid and selection phase of the promotion policy. (*See* Def.'s Mot. for Reconsideration at 13–14.) As is discussed above, the defendant has standing to challenge the Secret Service's promotion policy, including the MPP. Further, Agent Turner's complaint is sufficient to exhaust the building blocks of promotion because, like the plaintiff in *Contreras*, Agent Turner timely contacted an EEO counselor after his non-selection and the timely filed complaint explicitly alleged discriminatory denial of promotions to the entire class of agents.

■ The defendant also maintains that hiring practices, pre-employment testing, and awards and bonuses should not be allowed to be vicariously exhausted even if other building block claims may be pled. (*See id.* at 15–16.) The defendant contends that pre-employment testing and hiring practices are unrelated to promotions in general, and that awards and

bonuses are not part of the Secret Service's promotion policy. (*Id.*) However, each of these forms of discrimination was named in the administrative class complaint. (*See* Second Amended Class Complaint ¶¶ 21–22, 24.) Plaintiffs allege that the Secret Service hired black agents into lower civil service grades because of discriminatory hiring practices and pre-employment testing. These alleged practices are reasonably related to a non-promotion class claim and may be vicariously exhausted. Claims of discrimination in awards and bonuses also may be vicariously exhausted. Even if awards and bonuses are not counted toward an MPP score, it is not clear that awards and bonuses of an agent may not be taken into account in the bid and selection phase. (*See* Salinas Decl. ¶ 17 (noting that no instructions are provided to the selection committee on how to evaluate the candidates at the bid and selection phase).) These claims, too, are reasonably related to a non-promotion class claim.

Because the defendant's arguments fail, plaintiffs may plead allegations concerning the building blocks of promotion. However, plaintiffs may not use the vicarious exhaustion of claims concerning the building blocks of promotion to revive claims from long past. *See Foster*, 655 F.2d at 1323 (holding that vicarious exhaustion was appropriate for untimely filed claims when the "principal functions of the EEOC filing requirements, ... notice and to permit possible conciliation[,]" had been served by an earlier timely filed claim). The Secret Service was put on notice of potential building block claims by Agent Turner's class complaint. Therefore, only building block claims reasonably contemporaneous with and subsequent to Agent Turner's complaint may be pled. *See id.; Cook v. Boorstin*, 763 F.2d 1462, 1466 (D.C.Cir.1985) (allowing untimely claims filed subsequent to the original complaint

to be pled because the plaintiffs planned to prove their allegations "by demonstrating the same thing: a pervasive 'pattern and practice' of racial discrimination in promotion and advancement" and "no substantial possibility that any of the individual claims might have been settled administratively" existed).

## CONCLUSION

Plaintiffs challenge an alleged pattern and practice of employment discrimination at the Secret Service, allege an actual violation of Title VII during the statutory period, and allege a continuing violation dating back to 1993. Therefore, they may properly plead non-promotion claims dating back to 1993. Because the plaintiffs timely filed a non-promotion class claim complaining of discrimination in promotion against black agents as a class, claims concerning the building blocks of promotion are vicariously exhausted, and plaintiffs may plead such allegations that are reasonably contemporaneous with or subsequent to Agent Turner's timely filed complaint. Accordingly, it is hereby

ORDERED that plaintiffs' motion [315] for reconsideration be, and hereby is, GRANTED. It is further

ORDERED that defendant's motion [314] for reconsideration be, and hereby is, DENIED in part and GRANTED in part. Plaintiffs are directed to file a Second Amended Complaint consistent with this Memorandum Opinion and Order on or before August 7, 2006. It is further

ORDERED that defendant's motion [289] for reconsideration of the magistrate judge's discovery ruling on MPP scores that must be provided to plaintiffs, defendant's motion [328] for reconsideration of the magistrate judge's ruling on further discovery, and plaintiffs' motion [270] for reconsideration of the magistrate judge's

discovery ruling on reasons for non-selections be, and hereby are, DENIED without prejudice to permit further proceedings on these issues before the magistrate judge in light of this Memorandum Opinion and Order. It is further

ORDERED that defendant's motion [338] to dismiss the amended complaint be, and hereby is, DENIED without prejudice to refiling it after plaintiffs file their second amended complaint. It is further

ORDERED that defendant's motion [356] for an extension of time to file a reply in support of the motion to dismiss be, and hereby is, DENIED as moot.